UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN JAVIER QUINTERO RANGEL,

Petitioner,

v.

WARDEN OF THE CAL CITY IMMIGRATION CENTER,

Respondent.

No.  1:26-cv-03997-DAD-CKD

ORDER GRANTING IN PART PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT
(Doc. Nos. 1, 9)

On May 26, 2026, petitioner Jonathan Javier Quintero Rangel filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  On July 1, 2026, petitioner, through appointed counsel, filed a motion for temporary restraining order and a first amended petition for writ of *habeas corpus*.  (Doc. Nos. 9, 10.)  Therein, petitioner alleges as follows.  He entered the United States on or about December 2, 2022, within one year applied for asylum and Temporary Protected Status, was granted Temporary Protected Status which has since expired, and on January 20, 2026 he was detained by U.S. Border Patrol.  (Doc. No. 10 at 5–6.)  Petitioner seeks his immediate release and the award of costs and reasonable attorneys' fees.  (*Id.* at 12.)  On July 2, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would

1

distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 11.) In that same order, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On July 6, 2026, respondent filed a combined response to the *habeas* petition and opposition to the motion for temporary restraining order. (Doc. No. 12.) Therein, respondent argues that petitioner is lawfully detained under 8 U.S.C. § 1226(a) because petitioner received a bond hearing pursuant to a prior order issued by a judge of the U.S. District Court for the Middle District of Florida in *Quintero- Rangel v. Mullin*, No. 2:26-cv-00994-SPC-DNF, 2026 WL 1026839 (M.D. Fla. Apr. 16, 2026) ("*Quintero-Rangel I*"). (*Id.* at 1.) Respondents have stated no opposition to the court ruling on the pending *habeas* petition based upon the briefing currently before it and the court will do so.

In *Quintero-Rangel I*, the court granted petitioner a bond hearing based on a determination that petitioner was detained pursuant to 8 U.S.C. § 1226(a) rather than § 1225(b)(2). (Doc. No. 12-3 at 2.) The district court in *Quintero-Rangel I* never reached the question of what due process requires, relying solely on the requirements of the governing statutory provision. *See Yero v. U.S. General Attorney, et al.*, No. 1:26-cv-04312-DAD-JDP, 2026 WL 1707102, at *3 (E.D. Cal. June 12, 2026) (reaching the question of what due process requires where a prior court confined its ruling to the dictates of the statutory scheme). Pursuant to this court's reasoning previously set forth in *Kalkan v. Chestnut*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112 (E.D. Cal. Mar. 20, 2026), the court finds that the government's decision not to detain petitioner when he applied for asylum or Temporary Protected Status, or when his Temporary Protected Status expired, resulted in the same liberty interest in his continued freedom as an individual initially detained. *Id.* at *1. As such, due process required that respondent afford petitioner a pre-deprivation hearing prior to detention. *Id.* Because respondent declined to do so here, the appropriate remedy is petitioner's immediate release. *Id.*

/////

/////

2

For the reasons explained above,

1.    Petitioner's first amended petition for writ of *habeas corpus* (Doc. No. 10) is GRANTED in part as follows:

    a.    Respondent is ORDERED to immediately release petitioner Jonathan Javier Quintero Rangel, A-File No. 232-424-123, from respondent's custody;

    b.    Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondent will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

    c.    Petitioner's request for attorney's fees and costs is DENIED without prejudice to bringing a properly noticed and supported motion;

2.    Petitioner's motion for temporary restraining order (Doc. No. 9) is DENIED as having been rendered moot by this order;

3.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **July 9, 2026**             *Dale A. Drozd*

                                       DALE A. DROZD
                                       UNITED STATES DISTRICT JUDGE